IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

LUCINDA A. KATES,                )
                                 )
                    Plaintiff,   )
                                 )
v.                               )    Case No. CIV-09-107-RAW-SPS
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of the Social       )
Security Administration,         )
                                 )
                    Defendant.   )

## REPORT AND RECOMMENDATION

The claimant Lucinda Alice Kates requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on May 21, 1952, and was fifty-five years old at the time of the administrative hearing. She has an eleventh grade education (Tr. 40), and has worked in trash service and retail sales (Tr. 50). The claimant alleges inability to work since October 1, 2005 due to diabetes, irritable bowel syndrome (IBS), gastroesophageal reflux disease (GERD), chronic diarrhea, back pain, osteopenia, arthritis, glaucoma, asthma, cellulitis in the right foot, hepatitis C, and an improperly-healed fracture of her left leg (Tr. 15, 158).

## Procedural History

On July 11, 2006, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act 42 U.S.C. §§ 1381-85. Her applications were. ALJ Deborah L. Rose conducted the administrative hearing and found that the claimant was not disabled in a written opinion dated June 13, 2008. The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made her decision at step four of the sequential evaluation. She found that the claimant had the residual functional capacity ("RFC") to perform the full range of

medium work, *i. e.*, she could lift no more than 50 pounds at a time but could lift/carry 25 pounds occasionally (Tr. 16). The ALJ concluded the claimant was not disabled because she could return to her past relevant work (Tr. 18).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly evaluate the opinions of her treating physician, Dr. Judy Trent, M.D.; and, (ii) by failing to consider the claimant's impairments both singly and in combination. Because the ALJ did fail to properly evaluate Dr. Trent's opinions, the Commissioner's decision should be reversed and the case remanded to the ALJ for further consideration.[2]

Medical opinions from the claimant's treating physician are entitled to controlling weight if "well-supported by medically acceptable clinical and laboratory diagnostic techniques . . . [and] consistent with other substantial evidence in the record." *Langley v. Barnhart,* 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart,* 350 F.3d

---

[2] The claimant urges the Court to allow her to supplement the record with new evidence, *i. e.*, a note from Dr. Trent indicating there is an x-ray that shows arthritis in the claimant's back, and to remand the case so the Appeals Council can consider this evidence. *See generally* 20 C.F.R. § 404.970(b)("If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision."). New evidence "is material to the determination of disability 'if there is a reasonable possibility that [it] would have changed the outcome.'" *Threet v. Barnhart,* 353 F.3d 1285, 1291 (10th Cir. 2003), *quoting Wilkins v. Secretary, Department of Health & Human Services*, 953 F.2d 93, 96 (4th Cir. 1991). Measured by this standard, the new evidence offered by the claimant would not be material, since without the underlying x-ray (which the claimant does not offer) Dr. Trent's note provides no insight into severity or the impact on the claimant's functional limitations beyond the "Attending Physician's Statement" from Dr. Trent already in the record. In any event, as discussed below, it is the undersigned Magistrate Judge's recommendation that the case be reversed and remanded on its merits for further proceedings by the ALJ. Consequently, the Plaintiff's Motion to Submit New and Material Evidence [Docket No. 18] should be DENIED.

1297, 1300 (10th Cir. 2003). When not entitled to controlling weight, the opinions of the claimant's treating physician must be evaluated for proper weight under the factors set forth in 20 C.F.R. § 404.1527. *Id.* at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using *all of the factors* provided in § [404.1527]."), *quoting Watkins,* 350 F.3d at 1300 [emphasis added]. Those factors are: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) any other factors that tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01, *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). In order to reject the opinions of the claimant's treating physician entirely, the ALJ must "give specific, legitimate reasons for doing so." *Id.* at 1301. It must be "clear to any subsequent reviewers the weight the ALJ gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300.

The record reveals that the claimant was a regular patient at the Spiro Family Medical Center (where Dr. Trent practices medicine) beginning in 2006. On November 13, 2006, Dr. Trent prepared an "Attending Physician's Statement" in which she opined that the patient's condition was "moderate[,]" or a "condition [that] would cause a

marked handicap in the performance of [physical] activity" (Tr. 339). Dr. Trent also opined that the claimant would need to take unscheduled breaks (including trips to the restroom) and rest at unpredictable intervals (Tr. 340). Dr. Trent expected no "marked change for the better in the future" and believed that the claimant would necessarily miss more than four workdays per month (Tr. 340). Dr. Trent also observed, *inter alia*, that the claimant "has significant back pain and limitation in range of motion." (Tr. 340). Dr. Trent noted that claimant would only be capable of sitting for 15 minutes continuously and 4 hours cumulatively and standing for 15 minutes continuously and 2 hours cumulatively during a normal 8-hour work day (Tr. 340-41). Finally, Dr. Trent opined that claimant would only be able to lift 10 pounds and carry 5 pounds occasionally, and would never be able to bend, squat, crawl, climb and crouch (Tr. 341).

The ALJ dismissed the opinions expressed by Dr. Trent with nothing more than her observation that "I give little weight to Dr. Trent's medical source statement because the limitations are not supported by the evidence. Dr. Trent reports only the claimant's low back pain causing a reduction in range of motion along with chronic diarrhea due to diabetes" (Tr. 17). Assuming *arguendo* this was sufficient reason to deny Dr. Trent's opinions controlling weight, the ALJ was nevertheless required to determine the proper weight to give the opinions by applying all of the factors in 20 C.F.R. § 404.1527 and 20 C.F.R. § 416.927. *See Langley,* 373 F.3d at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, [t]reating source medical opinions are still entitled to deference and must be weighed using *all of the factors* provided in § 404.1527."),

*quoting Watkins,* 350 F.3d at 1300 [emphasis added].  The ALJ wholly failed to do this, and the decision of the Commissioner should therefore be reversed and the case remanded so the ALJ can provide the proper analysis and re-determine whether the claimant is disabled.

## Conclusion

In summary, the undersigned Magistrate Judge hereby PROPOSES a finding that the new evidence offered by the claimant is not material and RECOMMENDS that the Plaintiff's Motion to Submit New and Material Evidence [Docket No. 18] be denied.  On the merits of the appeal, the undersigned Magistrate Judge PROPOSES a finding that correct legal standards were not applied and the Commissioner's decision is therefore not supported by substantial evidence, and accordingly RECOMMENDS that the decision of the Commissioner be REVERSED and the case REMANDED to the ALJ for further proceedings consistent herewith.  Any objections to this Report and Recommendation must be filed within fourteen days.  *See* Fed. R. Civ. P. 72(b)(2).

**DATED** this 15th day of September, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**